J. ORIN YAEGER, Plaintiff, *v.* THE MECHANICS AND METALS NATIONAL BANK, Defendant.

Supreme Court, New York County, January, 1924.

Banks and banking — action for breach of contract for purchase of German bonds — defendant bank, though never purchasing bonds, transmitted 28,000 marks to Germany for that purpose — when title to money paid defendant bank deemed to vest in it — motion by plaintiff for direction of verdict granted.

Defendant for a certain sum of money agreed to purchase for plaintiff imperial German war loan bonds and to deposit them to his account in the Deutsche Bank, Berlin, the correspondent of the defendant. The bonds were never purchased, although it was conceded that defendant transmitted to Germany 28,000 marks for that purpose. In an action for breach of the contract it appeared that in a letter to plaintiff's agent under date of January 17, 1917, defendant requested a check for the difference of the cost of the bonds and the amount already received by defendant on account, which check was sent. *Held*, that so soon as the money was paid to defendant it became its money.

A motion by plaintiff for the direction of a verdict in his favor for damages computed upon the lowest market value of the bonds between January 17, 1917, and April sixth of that year, granted, and a motion for the direction of a verdict in favor of defendant denied.

ACTION on contract.

*Alexander & Keenan*, for plaintiff.

*Frank M. Patterson*, for defendant.

McGOLDRICK, J. The contract between the parties to this action is set forth in certain letters between the plaintiff and his agent, F. A. Borgemeister, on the one hand, and the defendant on the other. By the terms of the contract thus set forth the defendant agreed for a definite sum, namely, $5,012, to purchase for the plaintiff 28,000 marks, imperial German war loan bonds, and to deposit them to the account of the plaintiff in the Deutsche Bank, Berlin, the German correspondent of defendant. The bonds were never purchased or deposited to the plaintiff's account in the Deutsche Bank, although it is conceded that the defendant transmitted to Germany 28,000 marks for that purpose. Plaintiff seeks in this action to recover damages for defendant's failure to purchase the bonds in accordance with the terms of the contract. The defendant contends that its sole liability is for 28,000 marks transmitted by it to Germany. Upon the trial both sides moved for a direction of a verdict and stipulated that the case should be tried without a jury with the same force and effect as if a jury were present, and upon the motion so made decision was reserved in

each instance. The case as it now stands presents a single question, and that is whether the defendant by the terms of its contract agreed to act as the agent for the plaintiff in the purchase of the bonds in question or whether it agreed for the sum of $5,012 to effect a sale of the bonds to the plaintiff. I cannot agree with the defendant's claim that the contract was one of agency. In its letter to Borgemeister, dated January 19, 1917, defendant advised the latter that the total cost of the bonds amounted to $5,012 and requested that a check for $12 be sent in order to make up the difference between that amount and $5,000, which had already been received by it. It is clear from the letter just referred to that the defendant was not to look to the plaintiff for any additional costs in procuring the bonds, nor was any charge to be made by it for the services thus rendered. If the defendant consequent upon that letter had procured the bonds at a lower figure than that named by it, it would have profited by the transaction, since it was under no obligation to account to the plaintiff for any reduction in price. As soon as the money was paid to the defendant it became its property. *Legniti* v. *Mechanics & Metals National Bank*, 230 N. Y. 415. For the defendant to argue that its sole duty was to instruct its German correspondent to purchase bonds for the plaintiff and to deposit them to his account is to confuse the end agreed to be attained with the means proposed for attaining it. The parties have stipulated with respect to the lowest market value of the bonds in question between January 17, 1917, and April 6, 1917, the time during which the defendant might have performed its contract, and accepting that as the basis for a computation of damage, the plaintiff's motion for the direction of a verdict is granted in the sum of $4,481.40, with interest from April 6, 1917, amounting to $1,792.52, making in all the sum of $6,273.92. The defendant's motion is denied. Exception to defendant in each instance. Thirty days' stay and sixty days to make a case.

Judgment accordingly.